UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUANITA TILLMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9851** |
| **BALBOA LIFE & CASUALTY, ET AL.** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**. (Rec. Doc. 3).

## BACKGROUND

Plaintiff, Juanita Tillman, filed suit in Civil District Court for the Parish of Orleans against her insurance company, Newport Insurance Company("Newport"),[1] and the contractor that repaired her home, ACORN. Tillman alleges, among other things, that Newport has failed to tender a reasonable amount of money for damages she sustained to her New Orleans home as a result of Hurricane Katrina. Tillman also alleges that ACORN charged her excessive and unfair costs for repair work done to her home after Hurricane Katrina.

Newport removed the case to this Court alleging that diversity jurisdiction exists because ACORN was improperly joined. Tillman has requested remand arguing that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000 and ACORN is a properly joined party. Tillman's motion to remand is now before the Court.

---

[1] Newport was improperly named as Balboa Life & Casualty.

## DISCUSSION

**A.    Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

**B.    Diversity Jurisdiction**.

Newport contends that this Court has diversity jurisdiction over this case because Tillman is a citizen of Louisiana; Newport is a non-Louisiana corporation, and ACORN is a non-Louisiana corporation. Moreover, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

However, Tillman argues that the amount in controversy does not exceed $75,000.00 because her insurance policy limits are only $64,621. She further argues that attorney's fees awarded under La. Rev. Stat. § 22:658 are generally no more than $7,500. Newport notes that Tillman has alleged that she is entitled to attorneys fees and statutory penalties under Louisiana law, and the fees and penalties should be included in the calculation of the amount in controversy.

In Louisiana state courts, plaintiffs are not allowed to plead a specific amount of money damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999). This burden is satisfied by the defendant either showing that it is facially apparent that the plaintiffs' claims exceed the jurisdictional amount, or by

presenting facts supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th cir.1995). When the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. *Id.* at 1336. If the defendant meets its burden, the plaintiff can defeat removal only establishing with legal certainty that the claims do not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).

Although Tillman argues that her policy limits are $64,621, she has not filed any stipulation or binding affidavit that would limit her recovery to $75,000 or less. Because Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, Newport is correct in arguing that this Court must consider the fees and penalties when it assesses the amount in controversy. *Nguyen v. Allstate Ins. Co.*, 2007 WL 274799, at *2 (E.D .La. Jan. 29, 2007)(citing *Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D.La. Sept. 12, 2002)). Newport asserts that if it is found to have violated La. Rev. Stat. § 22:658, it could be responsible for an additional penalty of 50% of the damages on the amount found to be due which would equal $32, 310.50. And under La. Rev. Stat. § 22:1220, Tillman could seek twice the damages sustained totaling $129,242. Considering the fees and penalties demanded under §§ 22:658 and 22:1220 by Tillman in her petition, Newport has carried its burden in demonstrating that the amount in controversy exceeds $75,000.

In support of its argument that the parties are completely diverse, Newport submits the affidavit of Hollis Shepard, a staff attorney for ACORN who attests that ACORN is a foreign corporation incorporated in Arkansas and licensed to do business in Louisiana. Tillman has not provided any support for her contention that ACORN is a Louisiana defendant other than the general

allegations in her petition and motion to remand that ACORN is a Louisiana corporation. Accordingly, this Court finds that diversity jurisdiction exists.

## CONCLUSION

For the forgoing reasons, plaintiff's motion to remand is denied.

New Orleans, Louisiana, this \_\_\_26th\_\_ day of April, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**